IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **NATHAN & DOROTHY GRAY** § | | **PLAINTIFFS** |
| § | | |
| v. § | | Civil No. 1:11CV168HSO-JMR |
| § | | |
| **CITY OF PASCAGOULA, M&D** § | | |
| **CONSTRUCTION COMPANY, INC.,** § | | **DEFENDANTS** |
| **DAVID VICE & SAMUEL VICE** § | | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART CITY OF PASCAGOULA'S MOTION TO DISMISS,
AND DENYING MOTIONS TO DISMISS FILED BY
M&D CONSTRUCTION AND DAVID & SAMUEL VICE**

BEFORE THE COURT are Motions to Dismiss Plaintiffs' Amended Complaint filed October 14, 2011, pursuant to FED. R. CIV. P. 12(b)(6), by Defendant City of Pascagoula, Mississippi [41-1], Defendant M&D Construction Company [43-1] and Defendants David and Samuel Vice [45-1], Plaintiffs have filed Responses [47-1, 49-1, 51-1] in Opposition to Defendants' Motions, and Defendants have filed replies [54-1, 53-1, 55-1]. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motions should be granted in part and denied in part.

I. FACTS AND PROCEDURAL HISTORY

On April 14, 2011, Nathan and Dorothy Gray ["Plaintiffs"] filed a Complaint [1-1] in this Court against the City of Pascagoula, Mississippi ["City"], M&D Construction Company ["M&D"], David Vice, and Samuel Vice ["Defendants"]. Plaintiffs filed an Amended Complaint [40-1] on October 5, 2011, naming the same Defendants and asserting the following claims: 1) deprivation of civil rights under

42 U.S.C. § 1983; 2) deprivation of civil rights under 42 U.S.C. § 1981; 3)deprivation of civil rights under 42 U.S.C. § 1985(3); 4) conversion; and 5) attorneys' fees.

According to the Amended Complaint, the City entered into a bid contract with M&D and the Vices, whereby M&D and the Vices would serve as agents and representatives of the City. Am. Compl. [40-1] ¶ 12 at p. 4. Plaintiffs contend that on or about July 3, 2008, these Defendants conspired to remove and dispose of certain personal property, valued in excess of $200,000.00, from Plaintiffs' place of business located at 1916 McVeay Court, in Pascagoula, Mississippi. *Id.* Plaintiffs assert that they were the legal title holders to "said personal property which was removed and disposed of by the Defendants from the premises of the Plaintiffs' place of business." Am. Compl. [40-1], ¶ 13, at p.4; ¶ 29, at p. 10. Plaintiffs further contend that:

> the real property codes and regulations as enacted by the City, are vague and ambiguous in their promulgation wording, meaning and application, and that with respect to the actual application and enforcement of said codes and regulations, the City of Pascagoula, acting by and through its agents and representatives, acts [sic] arbitrarily, capriciously and/or at times, discriminatorily on the basis of race.

*Id.*, ¶ 12, at p. 4. In lieu of Answers, Defendants have filed the instant Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

I. DISCUSSION

A. Legal Standard

A motion to dismiss under FED. R. CIV. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*,

677 F.2d 1045, 1050 (5th Cir. 1982). FED. R. CIV. P. 8(a) provides in relevant part that

> [a] pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)(quoting *Twombly,* 550 U.S. at 556-57, 570).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" for his "entitlement

to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)(overruled on other grounds)).

B.  Plaintiffs' 42 U.S.C. § 1981 Claims

Count II of Plaintiffs' Amended Complaint asserts a violation of 42 U.S.C. § 1981[1]:

> Plaintiffs are of African descent [and] . . . have been denied the same rights to the full and equal benefit of all laws and proceedings for the security of persons and property that is enjoyed by white citizens . . . .
>
> As a direct and approximate consequence of the aforementioned acts and omissions on the part of the Defendants, jointly and severally, the Plaintiffs were deprived of certain constitutional rights, privileges and

---

[1] The statute states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981.

immunities.

Am. Compl. [40-1], ¶¶ 20-21, at p. 8.

### 1. *The City's Motion to Dismiss*

The City moves the Court to dismiss Count II, contending that because §1981 is a private remedy available solely to private citizens, or those not acting under color of state law, the claim in Count II cannot be maintained against the City as a governmental entity. Def. Mem. in Support of Mot. to Dismiss [42-1], at p. 6.

The Fifth Circuit has determined that §1981:

> 'implicitly creates an independent cause of action against private actors because no other statute created such a remedy.' . . . Section 1983 remains the only provision to expressly create a remedy against persons acting under color of state law.

*Oden v. Oktibbeha County, Miss.,* 246 F.3d 458, 463 (5th Cir. 2001)(quoting *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 732 (1989)).

The Court finds that because, as a matter of law, §1981 does not afford a vehicle by which Plaintiffs can recover from the City, Plaintiffs' § 1981 claim against the City does not state a legally cognizable claim, and should be dismissed. *Accord Washington v. City of Gulfport, Mississippi*, 351 Fed. App'x 916, 919 (5th Cir. 2009); *see also Moody v. East Mississippi State Hosp.,* 2010 WL 3359549, *6 (S.D. Miss. August 23, 2010); *Mabry v. Mississippi Dept. of Corrections,* 2010 WL 1402614, *1 (N.D. Miss. April 5, 2010).

### 2. *M&D Construction and the Vices' Motions to Dismiss*

The remaining Defendants, M&D Construction, David Vice, and Samuel Vice,

likewise move the Court to dismiss Count II, contending that: "while §1981 allows for causes of action for both nongovernmental discrimination and actions taken under color of law . . . [b]ecause no substantive facts have been put forth by Plaintiffs, it is unclear in which capacity . . . [they are] being sued, . . . ." Defs.' Mems. in Support of Mot. to Dismiss [44-1], at p. 7; [46-1] at p. 5.

Plaintiffs oppose dismissal of this claim on the grounds that: "§1981 implies the right of action based on racial discrimination by private actors, [citation omitted] . . . whether or not the individual Defendants herein, . . . should be held accountable under §1981 . . . is a question of fact." Pls.' Resp. in Opposition to Mot. to Dismiss [50-1], at p. 5.

In order to prevail on their § 1981 claim, Plaintiffs must demonstrate that:

> (1) he is [sic] a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerns one of the activities listed in the statute.

*McCoy v. Homestead Studio Suites Hotels,* 177 Fed. App'x 442, 445 (5th 2006)(citing *Green v. State Bar,* 27 F.3d 1083, 1086 (5th Cir. 1994)).

"Section 1981 does not provide a general cause of action for race discrimination. Rather, it prohibits intentional race discrimination with respect to certain enumerated activities." *Arguello v. Conoco, Inc.* 330 F.3d 355, 358 (5th Cir. 2003). A liberal reading of Count II persuades the Court that, under the Rule 12 standard, Plaintiffs have pled "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 569-70. Accordingly, the Motions to Dismiss filed by M&D Construction and by

David and Samuel Vice should be denied at this juncture.

C.     Plaintiffs' Remaining Claims

Plaintiffs' Amended Complaint also contains a claim for deprivation of their civil rights under 42 U.S.C. § 1983 for the taking of their personal property. They assert that:

> acting under color of state law, the Defendant, City of Pascagoula, commenced to engage in a course of conduct and to implement a policy, custom, use, plan or practice wherein the rights, privileges or immunities of the Plaintiffs were violated. The Defendant, City of Pascagoula, engaged in a course of conduct that resulted in the violation of the Plaintiffs' right to the equal protection of the laws of the United States of America pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, the right not to be deprived of life, liberty or property, without due process of law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, the right against unreasonable searches and seizures pursuant to the Fourth Amendment to the Constitution of the United States of America; and the corresponding provisions of the Constitution of the State of Mississippi.
>
> Defendant, City of Pascagoula, by and through its agents, representatives and employees acted pursuant to the policies, practices and customs of the City of Pascagoula with respect to code enforcement on real property.

Am. Compl. [40-1] ¶¶ 16-18.

With regard to their conspiracy claim pursuant to § 1985(3), Plaintiffs contend that Defendants:

> individually, and officially, acting by and through their agents, representatives and employees, did conspire . . . [to go] on the premises of [the Plaintiffs], for the purpose of depriving, either directly of [sic] indirectly, [the Plaintiffs] of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ; and that in doing so, the Defendants, individually, or through their agents, representatives and employees [d]id, or caused to be done, [a]n act in furtherance of the object

of such conspiracy, whereby [the Plaintiffs were] injured in [their] person or property . . . .

Am. Compl. [40-1] ¶ 24.

Pursuant to the enumerated standard under FED. R. CIV. P. 12(b)(6), the Court is to examine the allegations of the Amended Complaint for their legal sufficiency. The law does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 569-70. Given this standard, the Court concludes these allegations sufficiently state causes of action under 42 U.S.C. §§ 1983 and 1985 to survive Defendants' Rule 12 Motions.

### III. CONCLUSION

Upon review of the Amended Complaint, the submissions of the parties, and the relevant legal authorities, the Court concludes that the City's Motion to Dismiss should be granted in part, to the extent it seeks dismissal of Plaintiffs' claim asserted pursuant to 42 U.S.C. § 1981, but that the remainder of Defendants' Motions should be denied in all other respects.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion of Defendant, City of Pascagoula, Mississippi [41-1], pursuant to FED. R. CIV. P. 12(b)(6), is **GRANTED IN PART AND DENIED IN PART**, and Plaintiffs' §1981 claim against the City of Pascagoula is **DISMISSED WITH PREJUDICE**. The remainder of the Motion is denied.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion of

Defendant, M&D Construction Company [43-1] to Dismiss, pursuant to FED. R. CIV. P. 12(b)(6), is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion of Defendants, David and Samuel Vice [45-1] to Dismiss, pursuant to FED. R. CIV. P. 12(b)(6), is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 26th day of March, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE